Per Curiam.

Our January 12, 1996 order accepting respondent’s resignation from the Bar directed that respondent “shall cease to hold himself forth as an attorney authorized to appear in the courts of this state; that he shall not attempt, either directly or indirectly, to render services as an attorney or counselor at law to or for any individuals * * and that he “desist and refrain from the practice of law in any form * *
Nevertheless, respondent did continue to hold himself out as an attorney both in private by corresponding with opposing counsel, and in public by appearing in court and by continuing to maintain his telephone number advertised in the yellow pages. It is no justification that respondent’s actions may have been due to stress. Respondent had a continuing responsibility in winding up his affairs as a lawyer to ensure that he took every step to comply with our order.
Because of respondent’s contempt in this matter, we hereby sentence him to thirty days in jail, which jail sentence is suspended, and fine him $500. Costs taxed to respondent.

Judgment accordingly.

Douglas, Resnick, F.E. Sweeney, Pfeifer and Lundberg Stratton, JJ., concur.
Moyer, C.J., and Cook, J., concur and dissent.